IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| HEATHER ERIN WYLIE,<br><br>Plaintiff,<br><br>vs.<br><br>JO ACTON, et al.,<br><br>Defendants. | CV 13-53-BLG-SEH-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

After conducting the screening required by 28 U.S.C. §§ 1915, 1915A, the Court issued an Order on July 2, 2013 finding that Plaintiff Heather Wylie's initial Complaint failed to state a claim upon which relief could be granted. *ECF 8*. The Court specifically found that Wylie had failed to state any allegations against Defendants Montana Women's Prison and the Department of Corrections and these Defendants were entitled to Eleventh Amendment immunity. *ECF 8: July 2, 2013 Order at 20*. Wylie was given an opportunity to file an amended complaint. *ECF 8*.

Wylie filed an Amended Complaint on September 23, 2013. *ECF 11*. Although the Montana Women's Prison was listed in the case style

1

(*ECF 11: Amended Complaint at 1*), the Women's Prison and the Department of Corrections were not listed as Defendants in the "Parties" section of the Amended Complaint. *ECF 11.* In addition, as with the original Complaint, Wylie's Amended Complaint did not bring any allegations against these entities in the body of the Amended Complaint.

Given that Wylie has failed to raise any allegations against the Montana Women's Prison and the Department of Corrections and these entities are entitled to Eleventh Amendment immunity as set forth in the Court's July 2, 2013 Order (*ECF 8*),

**IT IS RECOMMENDED THAT:**

The Montana Women's Prison and the Department of Corrections be dismissed with prejudice.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing)

hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of June, 2014.

 /s/ Carolyn S. Ostby
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d) and three days are added after the period would otherwise expire.