IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| HEATHER ERIN WYLIE,<br><br>Plaintiff,<br><br>vs.<br><br>JO ACTON, et al.,<br><br>Defendants. | CV 13-53-BLG-SEH-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Heather Wylie filed this civil rights action, pursuant to 42 U.S.C. § 1983, based on conditions of confinement at the Montana Women's Prison. The following motions are pending:

(1) Wylie's "Motion for Immediate Cease & Assist Order due to Illegal Search & Seizure of Wylie's Legal Document(s)/Evidence, considered to be Contraband by MWP Staff" (*ECF 21*);

(2) Wylie's "Motion to Supplement Pleadings Pursuant to Rule 15 & to Permit Add'l Pages by Reply to Response to Motion to Cease & Assist" (*ECF 30*); and

(3) Wylie's "Motion to Join Parties & Amend Pleadings per each Individual Joined." *ECF 32*.

The Court recommends that Wylie's motions be denied.

I.  **BACKGROUND**

After conducting the prescreening required by 28 U.S.C. §§ 1915,

1

1915A, this Court issued an Order on April 16, 2014, requiring Defendants Acton, Mickelson, Moorman, Ferriter, Daly, Robert Paul, Linda Paul, and Hanson to respond to Wylie's retaliation claims arising in 2011 and 2012, her delay of mail claims arising between December 2010 and August 2013, her denial of medical care and Americans with Disabilities Act claims arising in 2012, and her parole claim arising between 2011 and 2012. ECF 12. On April 16, 2014, the Court requested these Defendants to waive service of summons. Counsel for Defendants did so on May 16, 2014. ECF 15. Defendants answered the Amended Complaint on June 16, 2014. ECF 17.

## II. MOTION FOR IMMEDIATE CEASE & ASSIST ORDER

Wylie alleges in her motion that on May 31, 2014, June 4, 2014, and June 10, 2014, her cell was searched by a number of correctional officers and ultimately seven boxes of legal materials and other property was confiscated by the prison. *ECF 21.*[1]

According to Defendants, Lt. Moorman looked at the cell

---

[1] The Court has also considered the allegations in Wylie's "Notice of Most Recent Events" (*ECF 35*), filed in support of this motion, and determined that nothing in that notice alters the recommendations made herein.

inspection log on May 31, 2014, and noticed that a number of cells on "B" Pod, one of which was Wylie's cell, had not been searched within the prior month.  Lt. Moorman instructed officers to search Wylie's cell and there they discovered paperwork in excess of that allowed by prison policy.  *ECF 27-1:  Moorman Aff. ¶ 4.*  Lt. Moorman asked Wylie if she had documentation that said she was allowed to possess all the property in her cell.  She handed him a stack of about 30 pages of documents.  He did not read the documents and Wylie did not point to anything specific.  *ECF 27-1:  Moorman Aff ¶ 6.*  Wylie contends the 30 pages consisted of copies of orders and signed authorizations allowing her to maintain her legal documentation.  *ECF 30 at 7.*

Moorman contacted Associate Warden Alex Schroeckenstein and reported what he observed in Wylie's cell.  *ECF 27-1:  Moorman Aff ¶ 6.*  Schroeckenstein instructed the officers to look for dangerous or prohibited contraband and that he (Schroeckenstein) would deal with the excess property issue the next day.  *ECF 27-1:  Moorman Aff ¶ 6.*

On June 4, 2014, Officers Painter and Hackney went to Wylie's cell and allowed her two hours to go through her paperwork and decide

3

what she wanted to retain within the six cubic feet of space that each inmate is allotted for personal property. *ECF 27-3: Painter Aff. ¶ 5; ECF 27-2: Hackney Aff. ¶ 6.* Wylie was given an extra hygiene box for her medical and personal hygiene needs. *ECF 27-2: Hackney Aff. ¶ 4.* Six boxes of papers and one box of books were removed from Wylie's cell. *ECF 27-2: Hackney Aff. ¶ 7.* Wylie was allowed to keep six cubic feet of documents in her cell. *Id.* Wylie was later allowed additional time to review, sort, and repack the paperwork that had been confiscated. *ECF 27-3: Painter Aff. ¶ 6.*

Wylie requests that the Court order the prison (1) to return her legal property confiscated on June 4, 2014; (2) to allow her an "alternate means" by which to retain her legal work; and (3) to replace any lost or destroyed documents. *ECF 21: Cease & Assist Motion; ECF 30: Cease & Assist Reply at 28.* The motion seeks injunctive relief and thus is here construed as a motion for a preliminary injunction.

To obtain a preliminary injunction, Wylie must show that "[she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities

tips in [her] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Wylie has not met this burden.

First, Wylie has not demonstrated a likelihood of success on the merits of her claims. Several of her claims have been served upon Defendants but there has been no showing of the likelihood of success on the merits of those claims. The Motion to Cease and Assist actually seeks relief unrelated to the pending claims because Wylie does not currently plead a denial of access to the courts claim.

Nor has Wylie established the likelihood of success of a new access to the courts claim. She discusses two cases in which she alleges she is being denied access to the courts. The first is an appeal pending in the Montana Supreme Court regarding her legal malpractice case against her former attorney. Wylie attached to her current motion an affidavit that she filed with the Montana Supreme Court explaining why her appellate brief in that case was filed late. *ECF 21-3: Affidavit filed in Wylie v. Balaz*, Montana Supreme Court Case No. DA 14-0168. She argues in her reply brief here that opposing counsel in that appeal

5

requested that the appeal be dismissed for failure to timely file her appellant's brief. *ECF 30: Cease & Assist Reply at 2.* According to the Montana Supreme Court docket, however, Wylie's appellate brief was accepted for filing and the motion to dismiss (which was based upon Wylie's alleged failure to file a portion of the record) was denied. *See Wylie v. Balaz*, Montana Supreme Court Case No. DA 14-0168.

To state a claim for denial of access to the courts, a prisoner must allege facts sufficient to show: (1) a nonfrivolous legal attack on their conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) they suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). Wylie has not presented sufficient allegations to establish actual injury for an access to the courts claim.

Wylie also discusses her petition for writ of certiorari filed in the United States Supreme Court. Wylie was appealing the denial of her petition for writ of habeas corpus by the Montana Supreme Court in Case No. OP 13-0596 challenging Wylie's 2010 convictions for theft and forgery. According to the Supreme Court docket in Case 13-9924, Wylie's petition was filed on April 22, 2014 and denied on October 6,

2014. There are no additional filings docketed in that case. Wylie has presented no evidence or argument that Defendants' actions in any way affected the proceedings in the United States Supreme Court.

Second, Wylie has made no showing that she is likely to suffer irreparable harm in the absence of preliminary relief. Wylie has been allowed to maintain the amount of property that is allowable by prison policy. Wylie has not demonstrated that this property allowance will be insufficient or that she will suffer irreparable harm if her confiscated documents are not returned.

Finally, Wylie has not established that the balance of the hardships tips in her favor or that an injunction is in the public interest. It is well settled that prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Defendants have presented affidavits from prison officials that strict property limitations are in place at the prison (1) to prevent the introduction of weapons, drugs, etc.; (2) to conserve

scarce space in the confined environment of the facility; (3) to reduce the risk of fires; and (4) to reduce the risk of personal injuries from tripping and falling. *ECF 27-4: Schroeckenstein Affidavit at 3, ¶ 4.*

The Court finds that the balance of the equities tips in favor of Defendants and it would not be in the public's interest to interfere with such prison policies. The Court will not interfere with day-to-day prison administrative decisions such as those made by Defendants. *See Bell*, 441 U.S. at 562; *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (federal courts should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment). Wylie was given time to sort and organize her documents. She is allowed to maintain six cubic feet of document and she has not demonstrated that it is insufficient. The motion to cease and assist, construed as a motion for a preliminary injunction, should be denied.

## IV. <u>**MOTIONS TO AMEND**</u>

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend as a matter of course within 21 days after serving the pleading to be amended or if the pleading is one to which a responsive pleading

8

is required, 21 days after service of a responsive pleading or Rule 12 motion, whichever is earlier. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Defendants oppose Wylie's request to amend.

"The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The United States Supreme Court has noted circumstances when such an amendment might not be allowed, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendments, futility of amendment, etc." *Foman*, 371 U.S. 178 at 182, 83 S.Ct. 227, 9 L.Ed.2d 222; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.").

Wylie's filings are verbose and difficult to understand but the Court has construed her Motion to Supplement Pleadings (*ECF 30*) and Motion to Join Parties & Amend Pleadings (*ECF 32*) together as a request to amend the pleadings to add a retaliation claim against Defendants Painter, Hackney, Russell, and Schroeckenstein regarding the cell searches which occurred in May through July 2014 and to add Officer Russell, a previously dismissed Defendant, alleging Officer Russell told her to find someone else to mail her legal mail and destroyed some of Wylie's property which has now been replaced. *ECF 32: Motion to Join Parties at 1.*

The motions to amend should be denied because Wylie failed to comply with this Court's Local Rules and the Federal Rules of Civil Procedure. First, Wylie did not submit a second amended complaint with her motions to amend. Rule 15.1 of the Local Rules for the District of Montana requires that, "[w]hen a party moves for leave to amend or supplement a pleading, the proposed pleading must be attached to the motion as an exhibit." There being no proposed second amended complaint, there is no pleading for the Court to examine to

determine if leave to amend should be granted, and no pleading to which Defendants can respond.

Secondly, Wylie's proposed amendments (to the extent they can be ascertained from Wylie's motions) would be futile as they fail to comply with the Federal Rules of Civil Procedure regarding joinder of claims and parties. Rule 18 of the Federal Rules of Civil Procedure governs the joinder of claims in a single lawsuit. It provides that, "[a] party asserting a claim . . . may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a). Pursuant to this rule, a plaintiff may join multiple claims only if they are all against a single defendant. Thus, multiple claims against a single party are fine, but unrelated claims against different defendants belong in different suits.

Rule 20 of the Federal Rules of Civil Procedure outlines the requirements for permissive joinder of defendants, providing that joinder is appropriate if (1) a right to relief is asserted relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact is

common to all defendants. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980); Fed.R.Civ.P. 20(a)(2).

Wylie's new claims against new Defendants are not related to the existing claims and do not arise out of the same transaction or occurrence or series of transactions or occurrences. Wylie's claims in her Amended Complaint deal with incidents which occurred primarily between late 2010 and 2012. *ECF 11: Amended Complaint.* Here she seeks to add new claims against new defendants regarding incidents that occurred nearly two years later. Although there is a pending retaliation claim, "the mere fact that all [of plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Wylie's currently pending retaliation claims relate to her dismissal from a job in August 2011 and a write-up she received in April 2012. The new retaliation claims deal with the search of Wylie's cell in 2014. There are not common issues of fact and the mere fact that both claims are retaliation claims is insufficient to meet the requirements of Rule 20. While it is unclear whether Wylie may be

12

able to state a cognizable claim against these new defendants, the motions to amend violate Rule 18 and Rule 20 of the Federal Rules of Civil Procedure by seeking to add unrelated claims against new defendants.

Moreover, the Court agrees with Defendants that to allow these amendments at this late stage in the proceeding will further complicate the case, unduly burden the eight current Defendants, and make this case overly complex and confusing. To allow any such amendments and attempt to bring in new parties at this late date would mean to unduly delay the progress of this case. Wylie would have to comply with the Court's Local Rules and submit a proposed second amended complaint which would then have to be reviewed by the Court. If the Court were to find then that Wylie had sufficiently stated a claim, the new parties would have to be served, given time to respond, and participate in discovery. This would cause a substantial delay and unduly prejudice the current Defendants.

Based on the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Wylie's Motion to Cease and Assist (*ECF 21*), as construed as a motion for a preliminary injunction, should be DENIED.

2. Wylie's Motion to Supplement Pleadings (*ECF 30*) should be DENIED.

3. Wylie's Motion to Join Parties & Amend Pleadings (*ECF 32*) should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Wylie may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of November, 2014.

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge