IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| HEATHER ERIN WYLIE, <br><br> Plaintiff, <br><br> vs. <br><br> JO ACTON, et al., <br><br> Defendants. | CV 13-53-BLG-SEH-CSO <br><br> ORDER |

Plaintiff Heather Wylie is a prisoner proceeding without counsel in this civil rights action which was dismissed by order of Judge Haddon on March 26, 2015. *ECF 54.* Now pending is Wylie's "Motion for Contempt & Sanctions for Failure to Comply with Federal (U.S.) District Court's Order." *ECF 55.* Wylie seeks enforcement of the terms of the settlement reached by the parties, but the Court does not have jurisdiction to entertain Wylie's motion.

The United States Supreme Court has held,

> when . . . dismissal is pursuant to [Federal Rule of Civil Procedure 41(a)(1) ], (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) . . . the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract)

1

> if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen v. Guardian Life. Ins. Co. of America*, 511 U.S. 375, 381-82 (1994). "Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires it own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.

As in the *Kokkonen* case, Judge Haddon's dismissal order in this case was expressly entered pursuant to Federal Rule of Civil Procedure 41(a) and was a dismissal with prejudice. *Order of Dismissal with Prejudice, ECF 54*. This Court did not retain jurisdiction over the settlement agreement.

As plaintiff, Wylie bears the burden of proving that jurisdiction is proper. *Martinez v. Aero Caribbean*, 764 F3d 1062, 1066 (9th Cir. 2014). Because no independent basis for federal jurisdiction appears or has been shown, this Court may not enforce the terms of the settlement agreement or hold Defendants in contempt for failing to do so. Simply put, federal courts lack subject matter jurisdiction over enforcement of settlement agreements such as the one alleged here.

Accordingly, the Court issues the following:

**ORDER**

Wylie's "Motion for Contempt & Sanctions for Failure to Comply with Federal (U.S.) District Court's Order" (*ECF 55*) is denied.

DATED this 17th day of August, 2015.

/s   *Carolyn S. Ostby*
United States Magistrate Judge